UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JED MARGOLIN,<br><br>         Plaintiff,<br><br>v.<br><br>NATIONAL AERONAUTICS AND SPACE ADMINISTRATION,<br><br>         Defendant. | 3:09-CV-00421-LRH-VPC<br><br>ORDER |

Before the court is Plaintiff's Motion for Costs (#64[1]). Defendant filed an opposition (#65), and Plaintiff filed a reply (#66).

Plaintiff Jed Margolin, acting pro se, brought this action under the Freedom of Information Act ("FOIA") to compel the National Aeronautics and Space Administration ("NASA") to disclose withheld or redacted agency records related to an administrative claim of patent infringement filed by Margolin. His motion for costs follows this court's Order (#62) and Judgment (#63) of March 31, 2011, granting in part and denying in part the parties' cross-motions for summary judgment. Margolin now requests he be awarded costs of $1,640.68.

FOIA authorizes the court to award "litigation costs reasonably incurred . . . in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). "[A] complainant has

---

[1] Refers to the court's docket entry number.

substantially prevailed if the complainant has obtained relief through either--(I) a judicial order, or an enforceable written agreement or consent decree; or (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." *Id.* § 552(a)(4)(E)(ii). Even if a plaintiff is eligible for a costs award, however, entitlement to costs is within the discretion of the district court. *Long v. U.S. I.R.S.*, 932 F.2d 1309, 1313 (9th Cir. 1991). The court must consider (1) the public benefit from disclosure, (2) any commercial benefit to the plaintiff resulting from disclosure, (3) the nature of the plaintiff's interest in the disclosed records, and (4) whether the government's withholding of the records had a reasonable basis in law, plus any other factors the court deems relevant. *Id.*

      To the extent Margolin seeks costs based on the court's summary judgment ruling, the court finds that Margolin did not substantially prevail. The court upheld NASA's withholding of virtually every document in dispute. As even Margolin concedes, he "basically lost this lawsuit." Doc. #64, p. 3. The fact that the court ordered release of Index #252 (the "Calvert document") does not alter this conclusion. The court granted summary judgment to Margolin as to that singular document only because NASA had failed to submit any evidence explaining the document's relevance and the basis for withholding, notwithstanding the court's suspicion that the document was unresponsive to Margolin's FOIA request. Doc. #62, p. 16. As NASA's subsequent submissions confirm, the Calvert document was in fact unresponsive to Margolin's FOIA request and was included in NASA's index of withheld documents only because it was attached to an email that the court held was properly withheld as privileged. *See* Doc. #65-1, pp. 2-3 (Decl. of Courtney B. Graham). Thus, even though Margolin obtained an order partially in his favor, the relief he obtained was nominal and had little relation to the relief he sought through this lawsuit—namely, the disclosure of documents related to his administrative claim for patent infringement.

      For substantially the same reasons, even if Margolin were eligible for an award of costs based on the court's partial grant of summary judgment, the court would exercise its discretion to deny costs to the extent they are sought on that basis. Although Margolin would not have any

2

commercial interest in the Calvert document, the court finds that disclosure of the document provides little, if any, public benefit, the document was non-responsive to Margolin's FOIA request and lawsuit, and in retrospect the government had a reasonable and legitimate basis for withholding the document.

At the same time, the court finds that Margolin did substantially prevail to the extent that the filing of this lawsuit prompted a voluntary or unilateral change in position by the agency.[2] 5 U.S.C. § 552(a)(4)(E)(ii). It was Margolin's filing of this lawsuit that prompted NASA to renew and expand its search for documents responsive to Margolin's FOIA request, resulting in the voluntary release of approximately 4,000 pages in NASA's supplemental response of November 5, 2009. *See* Doc. #62, pp. 4-5 (detailing the NASA's action before and after the filing of this lawsuit). If not for Margolin's lawsuit, NASA would have rested upon its final decision denying Margolin's administrative appeal of the agency's initial FOIA response. Margolin is therefore eligible for a costs award under § 552(a)(4)(E)(ii)

The court further finds that Margolin is entitled to at least some portion of costs incurred prior to November 5, 2009, when NASA made its supplemental disclosures. The public benefit from disclosure may be small. Nonetheless, Margolin seems to have had little, if any, commercial benefit resulting from disclosure, as he had already sold his interests in the patents at issue in his administrative claim for patent infringement. Margolin's interest in obtaining information related to his administrative claim for patent infringement was predominantly personal, and that interest was substantial. Finally, NASA's initial withholding of the records it later voluntarily disclosed was not based on any asserted reasonable basis in law. The withholding of the records later voluntarily disclosed was due to a failure to conduct a thorough search for records responsive to Margolin's FOIA request, not a conscious decision of the agency to withhold records under a FOIA

---

[2] NASA makes no argument as to Margolin's eligibility for or entitlement to costs under a catalyst theory. Instead, NASA argues only that Margolin is ineligible for and not entitled to costs based on obtaining release of the Calvert document. *See* Doc. #65, pp. 2-3.

3

exemption.

The court also finds, however, that Margolin is not entitled to costs of litigation after November 5, 2009, when NASA made its supplemental disclosures. As discussed above, Margolin's continuation of litigation following that point was virtually fruitless, resulting in neither additional voluntary disclosures nor the court-ordered disclosure of any documents responsive to his FOIA request. Furthermore, the court finds Margolin's voluminous filings to have been in substantial part immaterial to the FOIA issues before the court, unnecessarily voluminous even when material, and therefore wasteful and unworthy of compensation.

To the extent Margolin is entitled to a portion of his costs, his itemization of costs incurred is insufficiently detailed to permit the court to determine which costs were incurred prior to November 5, 2009, and which were incurred thereafter. The court will therefore defer ruling on Margolin's motion for costs pending submission of supplemental information.

IT IS THEREFORE ORDERED that within 14 days Margolin shall file an affidavit or declaration itemizing litigation costs incurred prior to November 5, 2009. NASA may file objections within 10 days thereafter.

IT IS SO ORDERED.

DATED this 31st day of May, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE